Jeffrey L. Tarkenton (VSB No. 20631)
Womble Bond Dickinson (US) LLP
2001 K Street, NW, Suite 400 South
Washington, DC  20006
(202) 857-4450 – Telephone
(202) 261-0050 – Facsimile

*Counsel for Raymond A. Yancey,*
   *Plan Administrator*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

| | |
|---|---|
| In Re: | |
| | Case No. 10-18839-BJK |
| MIN SIK KANG | |
| MAN SUN KANG, | Chapter 11 |
| | |
| Debtors. | |

### SECOND MOTION OF THE PLAN ADMINISTRATOR TO EXTEND
### THE TERM OF THE LIQUIDATION TRUST

Raymond A. Yancey, in his capacity as Plan Administrator (the "Plan Administrator") for the Liquidation Trust, by counsel, hereby files this motion (the "Motion") seeking entry of an order extending the term of the Liquidation Trust to December 31, 2022.  In support of this Motion, the Plan Administrator respectfully states as follows:

### JURISDICTION AND VENUE

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.    The statutory predicate for the relief sought herein is Bankruptcy Code § 105.

## FACTUAL BACKGROUND

3. On October 19, 2010 (the "Petition Date"), the above-captioned debtors (collectively, the "Debtors" or the "Kangs") filed a voluntary petition under Chapter 11 of the Bankruptcy Code, Case No. 10-18839-RGM (the "Bankruptcy Case"), in the United States Bankruptcy Court for the Eastern District of Virginia (the "Court").

4. Also on the Petition Date, MS Grand, Inc. ("MS Grand") filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland (the "Maryland Bankruptcy Court"), Case No. 10-33911-PJM (Bankr. D. Md.).

5. On December 17, 2010, the Maryland Bankruptcy Court entered an order transferring MS Grand's bankruptcy case to this Court, Case No. 11-10200-RGM (the "MS Grand Case").

6. On February 17, 2011, this Court entered an order jointly administering the Kangs' Bankruptcy Case with the MS Grand Case.

7. On February 22, 2011, the U.S. Trustee appointed a joint Committee of Unsecured Creditors in the Kangs' Bankruptcy Case and the MS Grand Case (the "Committee").

8. On November 27, 2012, the Committee filed its Motion for Appointment of Chapter 11 Trustee (the "Trustee Motion").

9. On January 7, 2013, the Court entered its Order Granting Motion for Appointment of Chapter 11 Trustee (the "Trustee Order"), granting the relief sought in the Trustee Motion.

10. On January 7, 2013, the United States Trustee filed the Amended Appointment of Raymond A. Yancey as Chapter 11 Trustee (the "Trustee") by the United States Trustee (the "Trustee Appointment"), appointing the Trustee to serve as Chapter 11 trustee in these cases.

11. On January 16, 2013, the United States Trustee filed a motion seeking court approval of the appointment of Raymond A. Yancey as Chapter 11 Trustee (the "Approval Motion"). The Court entered an order granting the Approval Motion on January 17, 2013.

12. On January 28, 2013, the Trustee filed the Emergency Motion to Convert Chapter 11 Case of MS Grand, Inc. to Case Under Chapter 7 (the "Motion to Convert").

13. The Motion to Convert was granted only with respect to the MS Grand Case. The Kangs' Bankruptcy Case and the MS Grand Case ceased to be jointly administered.

14. The Trustee filed a Chapter 11 plan of liquidation for the Kangs' estates on April 17, 2015 [Dkt. No. 1448], which plan was subsequently amended (as amended, the "Plan").

15. The Plan was confirmed at a hearing conducted on March 22, 2016 [Dkt. No. 1530]. Pursuant to the Plan, which became effective on April 25, 2016 (the "Effective Date"), the Debtors' assets have been transferred to the Liquidation Trust, and the Liquidation Trust is now administering all claims filed against the Debtors' estates. Raymond Yancey serves as the Plan Administrator for the Liquidation Trust.

16. The Plan Administrator has liquidated substantially all of the Liquidation Trust's assets and has made substantial distributions to holders of allowed unsecured claims. To date creditors holding unsecured claims against Min Sik Kang have been paid $5,000,000.01 resulting in a distribution of 17.72% of their claims and holders of unsecured claims against Man Sun Kang have been paid $5,000,000.01 resulting in a distribution of 24.87% of their claims. Holders of unsecured claims against both Min Sik Kang and Man Sun Kang have been paid 42.59% of their claims. The Plan Administrator will make at least one additional distribution before the Trust terminates.

17. Under the Plan, the Liquidation Trust was established with a five-year term through April 25, 2021. By an order entered on April 28, 2021, the Court extended the term through June 30, 2022. However, the Plan Administrator needs additional time beyond June 30, 2022 to complete the Trust's administration. The remaining tasks include obtaining a final determination from the Internal Revenue Service that there is no further tax liability due under the Plan and making a final distribution.

18. While the Trustee was hopeful that all ongoing matters would be resolved before the current conclusion date of the Trust, he believes that an extension of the term of the Trust until December 31, 2022 will provide adequate time to complete the administration of the Trust. The Trustee seeks to reserve the right to request further extensions, upon notice and hearing, as necessary to complete the administration of the Trust.

**RELIEF REQUESTED**

19. By this Motion, the Plan Administrator seeks the entry of an order extending the term of the Trust through and including December 31, 2022.

20. The predicates for the relief sought herein as Articles IX of the Liquidation Trust Agreement, and section 1142 of the Bankruptcy Code.

**BASIS FOR RELIEF**

21. Pursuant to Section 9.1 of the Liquidation Trust Agreement, the Trust became effective on the Effective Date. Section 9.2 provides that the Trust shall terminate upon the distribution of all Trust Assets, the payment of all costs of administering the Liquidation Trust and the Court's entry of a final order closing the cases.

22. Section 9.3 provides that, if the Trust has not been previously terminated pursuant to section 9.2, it shall terminate on the fifth anniversary of the Effective Dates unless the term has been extended by the Court.

23. The Trustee submits that it is necessary and warranted to extend the term of the Trust for an additional one year, with an option to seek a further extension upon proof of need therefor. The Trustee requests that the Trust term be extended through and including December 31, 2022.

24. Further extension of the Trust term is consistent with the terms of the Liquidation Trust Agreement, and applicable bankruptcy law. The Trustee has the power and authority to perform such functions as are provided in the Plan and the Liquidation Trust Agreement and any powers reasonably incidental thereto, including seeking Court authority to extend the term of the Trust. [Liquidation Trust Agreement § 3.1.] More specifically, the Liquidation Trust Agreement provides that the term of the Trust may be extended by an order of this Court. [Liquidation Trust Agreement § 9.3.] This Motion has been timely filed pursuant to Section 9.3 of the Liquidation Trust Agreement.

25. The further extension of the term of the Trust is necessary to obtain a final determination from the Internal Revenue Service that there is no further tax liability due under the Plan and to make a final distribution.

26. A further extension of the term of the Trust will thus benefit, not harm, creditors.

27. Based on these facts, the Trustee submits that a further extension of the Trust termination date is warranted under the circumstances and is necessary to facilitate the administration of the Trust so as to maximize the recovery for creditors of the estates.

Accordingly, the Plan Administrator respectfully requests that the term of the Trust be extended through and including December 31, 2022

## REQUEST FOR WAIVER OF LOCAL RULE 9013-1(G)

28. The Plan Administrator respectfully requests that this Court treat this motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Local Rule 9013-1(G).

## NO PRIOR REQUEST

29. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Plan Administrator respectfully requests that the Court enter an Order granting the relief requested herein and such other and further relief as the Court deems just and proper under the circumstances.

Dated: June 6, 2022         Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Jeffrey L. Tarkenton
　　　　　　　　　　　　　　　　Jeffrey L. Tarkenton (VSB No. 20631)
　　　　　　　　　　　　　　　　Womble Bond Dickinson (US) LLP
　　　　　　　　　　　　　　　　2001 K Street, NW, Suite 400 South
　　　　　　　　　　　　　　　　Washington, DC  20006
　　　　　　　　　　　　　　　　Telephone  202-857-4450
　　　　　　　　　　　　　　　　Facsimile:  202-261-0050
　　　　　　　　　　　　　　　　Email:  jeffrey.tarkenton@wbd-us.com

　　　　　　　　　　　　　　　　*Counsel for Raymond A. Yancey,*
　　　　　　　　　　　　　　　　　　*Plan Administrator*

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of June, 2022 a true and correct copy of the foregoing Second Motion of the Plan Administrator to Extend the Term of the Liquidation Trust was served upon all registered users via the Court's CM/ECF system and by first class, U.S. mail, postage prepaid, upon the persons listed below:

American Express Bank FSB
c/o Becket and Lee LLP
P. O. Box 3001
Malvern, PA  19355-0701

Bank of America, N.A.
c/o Kevin Driscoll, Jr.
Barnes & Thornburg LLP
One North Wacker Drive, Suite 4400
Chicago, IL  60606

Brixmor/IA Northeast Plaza, LLC
c/o Heather D. Brown, Esq.
Kitchens Kelley Gaynes, P.C.
Eleven Piedmont Center – Suite 900
3495 Piedmont Road, NE
Atlanta, GA  30305-1717

Tony Chong & Kyung Kim
c/o Paul Kim, US SEC
2475 Lenox Road NE, Suite 500
Atlanta, GA  30326-1232

Seung Kyu and Yu Cha Park
6509 Flowerdew Hundred Court
Centreville, VA  20120

HSBC/SAKS
140 West Industrial Drive
Elmhurst, IL  60126-1602

US Bank, N.A.
101 Fifth Street East
Suite A
St. Paul, MN  55101

Internal Revenue Service
Centralized Insolvency Operations
P. O. Box 7346
Philadelphia, PA  19101-7346

Ogletree Deakins
918 South Pleasantburg Drive
Greenville, SC  29607-2424

James A. Vidmar, Esq.
Yumkas, Vidmar, Sweeney &
   Mulrenin, LLC
10211 Wincopin Circle
Columbia, MD  21044

Michael T. Freeman, Esq.
Office of the United States Trustee
1725 Duke Street
Alexandria, VA  22314

Min Sik Kang
Man Sun Kang
9001 Lake Braddock Drive
Burke, Virginia  22015


      /s/ Jeffrey L. Tarkenton
Jeffrey L. Tarkenton