Jeffrey L. Tarkenton (VSB No. 20631)
Womble Bond Dickinson (US) LLP
2001 K Street, NW, Suite 400 South
Suite 400 South
Washington, DC  20006
(202) 857-4450 – Telephone
(202) 261-0050 – Facsimile

*Counsel for Raymond A. Yancey,*
   *Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | |
|---|---|
| In Re: | |
| | Case No. 10-18839-RGM |
| MIN SIK KANG | |
| MAN SUN KANG, | Chapter 11 |
| | |
| Debtors. | |

**MOTION TO APPLY FUNDS RECEIVED FROM**
**PROCEEDS OF SALE OF MAPLEWOOD SUPERMARKET, INC.**

Raymond A. Yancey, in his capacity as Plan Administrator (the "Plan Administrator") for the Liquidation Trust, by counsel, hereby files this motion (the "Motion") seeking authorization to transfer the remaining funds received from the sale of Maplewood Supermarket, Inc., from the escrow account of counsel to the former Official Unsecured Creditor's Committee to the Liquidation Trust and granting related relief.  In support of this Motion, the Plan Administrator respectfully states as follows:

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicate for the relief sought herein is Bankruptcy Code § 105.

## FACTUAL BACKGROUND

**A. The Bankruptcy Case.**

3. On October 19, 2010 (the "Petition Date"), the above-captioned debtors (collectively, the "Debtors" or the "Kangs") filed a voluntary petition under Chapter 11 of the Bankruptcy Code, Case No. 10-18839-RGM (the "Bankruptcy Case"), in the United States Bankruptcy Court for the Eastern District of Virginia (the "Court").

4. Also on the Petition Date, MS Grand, Inc. ("MS Grand") filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland (the "Maryland Bankruptcy Court"), Case No. 10-33911-PJM (Bankr. D. Md.).

5. On December 17, 2010, the Maryland Bankruptcy Court entered an order transferring MS Grand's bankruptcy case to this Court, Case No. 11-10200-RGM (the "MS Grand Case").

6. On February 17, 2011, this Court entered an order jointly administering the Kangs' Bankruptcy Case with the MS Grand Case.

7. On February 22, 2011, the U.S. Trustee appointed a joint Committee of Unsecured Creditors in the Kangs' Bankruptcy Case and the MS Grand Case (the "Committee").

8. On November 27, 2012, the Committee filed its Motion for Appointment of Chapter 11 Trustee (the "Trustee Motion").

9. On January 7, 2013, the Court entered its Order Granting Motion for Appointment of Chapter 11 Trustee (the "Trustee Order"), granting the relief sought in the Trustee Motion.

2

10. On January 7, 2013, the United States Trustee filed the Amended Appointment of Raymond A. Yancey as Chapter 11 Trustee (the "Trustee") by the United States Trustee (the "Trustee Appointment"), appointing the Trustee to serve as Chapter 11 trustee in these cases.

11. On January 16, 2013, the United States Trustee filed a motion seeking court approval of the appointment of Raymond A. Yancey as Chapter 11 Trustee (the "Approval Motion"). The Court entered an order granting the Approval Motion on January 17, 2013.

12. On January 28, 2013, the Trustee filed the Emergency Motion to Convert Chapter 11 Case of MS Grand, Inc. to Case Under Chapter 7 (the "Motion to Convert").

13. The Motion to Convert was granted only with respect to the MS Grand Case. The Kangs' Bankruptcy Case and the MS Grand Case ceased to be jointly administered.

14. The Trustee filed a Chapter 11 plan of liquidation for the Kangs' estates on April 17, 2015 [Dkt. No. 1448], which plan was subsequently amended (as amended, the "Plan").

15. The Plan was confirmed at a hearing conducted on March 22, 2016 [Dkt. No. 1530]. Pursuant to the Plan, which became effective on April 25, 2016 (the "Effective Date"), the Debtors' assets have been transferred to the Liquidation Trust, and the Liquidation Trust is now administering all claims filed against the Debtors' estates. Raymond Yancey serves as the Plan Administrator for the Liquidation Trust.

**16.** Following the Effective Date, the Plan Administrator liquidated all of the Liquidation Trust's assets.

B. **The Proceeds from the Sale of the Maplewood Property.**

17. On October 4, 2011, the Committee filed a Motion to Distribute Funds Received From Proceeds of Sale of Maplewood Supermarket, Inc. (the "Motion to Distribute") [Dkt. No.

304] by which the Committee sought Court approval governing the distribution of the proceeds from the sale of Maplewood Supermarket, Inc.'s ("Maplewood") grocery store to pay Maplewood Supermarket, Inc.'s ("Maplewood") creditors. Maplewood was affiliated by ownership with the Kangs. In the Motion to Distribute, the Committee sought Court approval to hold the sum of $10,713.53 which was purportedly owed to Five Days Market, Inc. ("Five Days") in reserve pending further investigation. By an Order entered on November 4, 2011 [Dkt. No. 317], the Court granted the Motion to Distribute including the provision authorizing the Committee to hold the $10,713.53 in reserve pending further investigation. The Committee's former counsel continues to hold the $10,713.53. The Committee's former counsel also holds $442.65 on account of disbursements that the Court approved in the Motion to Distribute but which checks were never negotiated. As a result, the Committee's former counsel is holding a total of $11,156.18 from the proceeds from the sale of Maplewood's grocery store.

18. On January 11, 2016, the Plan Administrator filed an adversary proceeding (the "Adversary Proceeding") against the Kangs and others. [Dkt. No. 320]. The Plan Administrator conducted discovery in connection with the Adversary Proceeding which revealed that the Kangs established Five Days as a food distribution company in 2009 for the purpose of replacing MS Grand, whose PACA license was in jeopardy, as the food distributor for the grocery stores that they owned or controlled. The Kangs placed ownership of Five Days in the names of nominal owners and they failed to disclose either their interests in Five Days or income they derived from Five Days to the Court. Accordingly, the $11,156.18 should be paid to the Liquidation Trust as property of the Kangs' bankruptcy estate.

## RELIEF REQUESTED

19. By this Motion, the Plan Administrator respectfully requests authorization for the Committee to pay the $11,156.18 in funds received from proceeds of sale of Maplewood's grocery store to the Liquidation Trust.

## REQUEST FOR WAIVER OF LOCAL RULE 9013-1(G)

20. The Plan Administrator respectfully requests that this Court treat this motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Local Rule 9013-1(G).

## NO PRIOR REQUEST

21. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Plan Administrator respectfully requests that the Court enter an Order granting the relief requested herein and such other and further relief as the Court deems just and proper under the circumstances.

Dated: June 6, 2022

Respectfully submitted,

　　/s/ Jeffrey L. Tarkenton　　
Jeffrey L. Tarkenton (VSB No. 20631)
Womble Bond Dickinson (US) LLP
2001 K Street, Suite 400 South
Washington, DC  20006
Telephone:  202-857-4450
Facsimile:  202-261-0050
Email:  jeffrey.tarkenton@wbd-us.com

*Counsel for Raymond A. Yancey,*
　　*Plan Administrator*

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of June, 2022, a true and correct copy of the foregoing Motion to Apply Funds was served upon all registered users via the Court's CM/ECF system and by first class, U.S. mail, postage prepaid, upon the persons listed below:

American Express Bank FSB
c/o Becket and Lee LLP
P. O. Box 3001
Malvern, PA  19355-0701

Bank of America, N.A.
c/o Kevin Driscoll, Jr.
Barnes & Thornburg LLP
One North Wacker Drive, Suite 4400
Chicago, IL  60606

Brixmor/IA Northeast Plaza, LLC
c/o Heather D. Brown, Esq.
Kitchens Kelley Gaynes, P.C.
Eleven Piedmont Center – Suite 900
3495 Piedmont Road, NE
Atlanta, GA  30305-1717

Tony Chong & Kyung Kim
c/o Paul Kim, US SEC
2475 Lenox Road NE, Suite 500
Atlanta, GA  30326-1232

Seung Kyu and Yu Cha Park
6509 Flowerdew Hundred Court
Centreville, VA  20120

HSBC/SAKS
140 West Industrial Drive
Elmhurst, IL  60126-1602

US Bank, N.A.
101 Fifth Street East
Suite A
St. Paul, MN  55101

Internal Revenue Service
Centralized Insolvency Operations
P. O. Box 7346
Philadelphia, PA  19101-7346

Ogletree Deakins
918 South Pleasantburg Drive
Greenville, SC  29607-2424

James A. Vidmar, Esq.
Yumkas, Vidmar, Sweeney &
   Mulrenin, LLC
10211 Wincopin Circle
Columbia, MD  21044

Michael T. Freeman, Esq.
Office of the United States Trustee
1725 Duke Street
Alexandria, VA  22314

Min Sik Kang
Man Sun Kang
9001 Lake Braddock Drive
Burke, Virginia  22015

Five Days, Inc.
7825 Rappahannock Ave, Unit A
Jessup, MD 20794

   /s/ Jeffrey L. Tarkenton
Jeffrey L. Tarkenton